Mathews, J.
delivered the opinion of the court.* This is an action for the rescission of the sale of a tract of land, on the ground that the vendor had sold the thing of another; *223 that the sale was fraudulent; and that the properly sold was dotal.
There was judgment for the defendant, and the plaintiff appealed.
The important facts of the case are the following. In March, 1820, the defendant sold to the plaintiff Bonin, a tract of land of 14⅔ arpens, front on the Teche. In the month of December, of the same year, having discovered that he had purchased what did not belong to his vendor, he gave public notice of his intention to procure a rescission of the sale, and restitution of the notes given by him for the price, which were endorsed by the other plaintiff; and for this purpose commenced the present suit, on the 5th of November, 1821, as appears by service of the citation.
A few days after this public notice, but long previous to the institution of this action, a family meeting, composed of the friends of the minors Dumartrais, was called, and was of opinion, that a tract of land mentioned in its proceedings could not be conveniently partaken by division in kind; and that, therefore, it was proper to sell it for cash, and divide the price. The under tutor did not intervene. The judge of probates homologated *224 the proceedings, and the 21st of March, 1821, the land was adjudged to the plaintiff for 6000 dollars.
At the time of the sale, as above stated, the 14⅔ arpens sold were two undivided parts of a tract of 22 arpens, owned in equal portions by C. Gravenbert, the minors Dumartrais, in right of P. Gravenbert their mother, and T. F. Gravenbert, wife of the defendant, being a part of her dower.
It further appears by the evidence in the case, that C. Gravenbert sold his undivided third part of said 22 arpens to the defendant by act under private signature, previous to the sale made to the plaintiff of the two thirds by metes and bounds, as expressed in the deed of conveyance executed in pursuance of the latter sale.
From these facts it appears to us, that three principal questions of law arise in the cause.
1. Has a vendee of dotal property, sold by the husband whilst he remains in undisturbed possession, a right to claim a rescission of the sale and restitution of the price, on the ground of the contract being null, either absolutely or relatively, i. e. void or voidable?
*225 2. Was the sale, made in pursuance of the family meeting, such as to transfer the property to the defendant?
3. Can a husband who sells the dotal property of his wife, and afterwards acquires an absolute right to it, avail himself of such posterior right, in opposition to the vendee’s claim, for a rescission of the contract of sale, when the complete title has been obtained previous to instituting suit for rescission?
In examining these questions, we will first consider the two last; for, should their solution be found favourable to the appellee, it will be unnecessary to answer the first.
Previous to the act of 1809, it was made the duty of tutors, under certain formalities prescribed by law, to proceed to the sale of the moveable and immoveable property of their wards. Civil Code, 68, art. 56. The law on this subject was altered in relation to uncultivated lands, &c. by the act above cited. Martin’s Digest, p. 128. In the same act it is provided, that the previous rules there established, and also those of the Code “ which prohibit the sale of the estate of minors in certain cases, or to authorize the sale only if it should amount to the estimated value of said estate, *226 shall not be construed to affect such sales as are forced upon minors, or when minors have an estate in common with other persons who apply for a division or said estate, when such division cannot take place but by licitation,”&c.
In the case now under consideration, it is true that the partition of the property, common to the minors Dumatrais and their co-proprietors, does not, in the first instance, seem to have been solicited by the latter; but all parties interested, the minors by their father and natural tutor, and the others by themselves, appear to have acquiesced in the necessity of partition by licitation, as well as in all other proceedings by which the sale was made by the parish judge, as evidenced by their signatures to the process-verbal of said proceeding; which, in our opinion, is equivalent to an original expression of their wish to cause legal partition of the common property by petitioning the judge to that effect. We therefore conclude, that the sale was made in such manner as to transfer the property to the defendant, who became the purchaser. Part of the undivided property being dotal, did not exempt it from subjection to sale in the present case. Civil Code, 330, art. 40.
*227 Before entering into any discussion of the third question, it is proper to observe, that we are of opinion that the evidence of the cause does not establish the fact of fraud or dolum malum against the appellee.
Decisions of French tribunals, and dictums of jurists are resorted to and relied on in support of both the affirmative and negative of this question. The case cited from the 18th vol. of the work, entitled “ Jurisprudence du Code Civil," as decided by the court of Rions, establishes two principles much opposed to the pretensions of the defendant, viz. that the sale of dotal property is null, and that acquisition of title, subsequent to the institution of an action to rescind the sale, will not cure such nullity. Were we disposed to give full force to the principles recognised by this decision, as being rendered on articles of the Napoleon Code similar to those of our Code, invoked by the plaintiffs, but which we believe to be at least doubtful as to correctness, still there is a clear distinction in the present case from that cited. There it seems that suit had been commenced to annul the sale before the defendant acquired a good title to the property sold: here the title was acquired before suit *228 commenced. This circumstance places the appellee’s cause in a situation more favourable to his pretensions than that of a seller in the case put by Le Clereq, in his work, entitled "Droit Romain," &c., in vol. 5. p. 279; wherein he supposes the case of the purchaser being ignorant that he bought the thing of another, which was delivered to him by the seller; and admits, that the buyer might have the contract declared null, on restoring the thing, &c. But if, before the contract be annulled by competent authority, the seller should acquire the thing which he had delivered, it is the opinion of the author, that the purchaser would then not have power to cause the sale to be annulled; because every obligation on the part of the vendor would be fulfilled: the purchaser acquires the property in the thing sold as well as the possession; and, consequently, the contract stands fully executed. The principle established by the latter part of the case as stated, we are inclined to think correct; evidently so, in a case where no action for rescission has been commenced.
Considering the sale made by the parish judge, in pursuance of the representation of the family meeting, with the consent of all the *229 co-proprietors, as good and translative of property; and that, by it, the appellee acquired a complete title to the land which he had sold to the appellant, before the institution of the present suit; we are of opinion, that there is no error in the judgment of the district court.
It is therefore ordered, adjudged and decreed, that it be affirmed with costs.

 Porter, J. did not join in the opinion, having been of counsel in the cause.