East'n District.
*May*, 1823.

REYNAUD &
SUCKO
*vs.*
GUILLOTTE &
BOISFONTAINE

---

### GILLY vs. LEE.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. In this case, the plaintiff sues as surviving partner of the late firm of Gilly & Prior, and founds his action on a judgment alleged to have been obtained by the United States against Lewis & Lee, principals, and Gilly & Prior, sureties, on a custom house bond, &c.

He states in the petition that the judgment was paid and satisfied by said sureties, and in consequence thereof, they are subrogated to all the rights and claims of the United States;

An assignee by an act *sous seing privé* cannot obtain an order of seizure and sale.

East'n District.
May, 1823.

GILLY
vs.
LEE.

that the defendant has acquired property since the failure of the house of Lewis & Lee, which ought to be subjected to the payment and refunding of the amount thus advanced by the firm of Gilly & Prior for the use and benefit of said Lewis & Lee. He also claims a mortgage and privilege, resulting from said judgment; and prayed an order of seizure and sale of the defendant's property, which was granted by the district court in the first instance, but afterwards annulled and set aside by a subsequent decree; and from this latter order and decree the plaintiff appealed.

Being of opinion that the appellant's claim is not supported by evidence, sufficient to entitle him to the prompt and extraordinary remedy of seizure and sale; we deem it unnecessary to investigate the various means of defence offered by the defendant's counsel. Admitting that sureties who pay for their principals, are by law subrogated to the rights of the creditor, these rights take effect only by evidence of such payment having been properly made; and that exclusively for the benefit of the principal debtors; it is the payment that gives them the rights of the creditor. Should we even further admit that a

state court could in any case execute a judgment rendered in a court of the United States, (which to say the best of it is very doubtful,) still a party claiming the benefit of such execution, by subrogation to the rights of the original judgment creditor, must establish every fact in support of his claim by authentic evidence, as required by our laws.   A plaintiff who applies for the administration of justice in an extraordinary and summary mode, must bring himself completely with the rules which authorise such a proceeding.   In the present case the fact of payment does not appear by any authentic document or record; the evidence of it is a simple receipt given by the late marshal of the district, to Gilly & Prior, against their bond, without naming them as sureties, and without reference to any judgment which had been obtained on said bond. It is matter *in pais;* and before any legal process could be had on it, ought to be established contradictorily with the defendant in an ordinary suit.   See 10 *Martin,* 223.

The counsel for the plaintiff seemed to rely much on a doctrine found in the *Curia Phil.* 118, *no.* 9, in which it is said that a surety, who has paid for his principal, may pursue him

East'n District. *May*, 1823.

GILLY
*vs.*
LEE.

for the amount thus paid, *aunque sea executiva-mente.* But this, as it appears by the same authority, which refers to a law of the recopilation, can regularly take place only when both the debt and payment are evidenced by a public and authentic instrument. Whatever effect the judgment referred, to in the plaintiff's petition, might in itself produce in favor of the United States as being public and authentic, it cannot favor the pretensions of the appellant; for his right depends on the payment and satisfaction of said judgment by his firm as sureties, in the bond referred to; and this fact is not established by any authentic document.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Duncan* for the plaintiff, *Grymes* for the defendant.