## MELANCON'S HEIRS vs. DUHAMEL.

APPEAL from the court of the fifth district.*

MARTIN, J. delivered the opinion of the court. The plaintiffs having taken out execution in the district court, on the judgment rendered here, at September term 1821, 10 *Martin* 225, the defendant obtained an injunction, which was, on argument, sustained, and the plaintiffs appealed.

The defendant's counsel urges that the judgment of this court was for costs only—at all events that no particular sum being mentioned in it, it is too vague and uncertain. He contends that there ought to have been in the judgment an express reference to the petition, in which a definite sum is claimed, or to the proces verbal of the sale annexed thereto, by which the price of the land, sold to the defendant, is ascertained.

We reversed the judgment of the district court and gave *judgment* for the plaintiffs *with* costs. It is therefore clear that the judgment was not for costs *only*.

If the concluding sentence of the judgment be considered aloof from the record and the pre-

West'n District,
*Aug.* 1824.

MELANCON'S
HEIRS.
*vs.*
DUHAMEL

A judgment is valid, although the sum adjudged be not stated therein, when the sum appears on record.

*PORTER, J. did not join in this opinion, having been of counsel in the cause.

West'n District,
*Aug.* 1824.

MELANCON'S
HEIRS.
*vs.*
DUHAMEL

ceding parts—it is clear that the judgment be-
ing for no definite sum is too vague and uncer-
tain, but the judgments of this court include
the reasons by which the judges arrive to the
conclusion, which the constitution and laws
require them to insert.

In the case under consideration the judg-
ment begins by an abstract of the pleadings.
It is first said the plaintiffs sue for the price of
a tract of land, purchased by the defendant; it
is next stated that the latter resists the pay-
ment on a plea of the general issue, an allega-
tion that a claimant of the land forbade the
sale, and an objection is taken to a document
being in another than the national language.

The judgment next proceeds to state that
the plaintiffs established the sale, which the
defendant denied, and it is expressly declared
that the plea of the general issue is unsupport-
ed; that the defendant gave no evidence of the
alleged claim, nor of the sale being forbidden;
and the objection to the document being in the
French language is overruled. The court next
annuls the judgment appealed from, and judg-
ment is entered for the plaintiffs with costs.

Now, it is clear that the judgment is for the
consideration money of the sale, the price of

West'n District,
*Aug.* 1824.

MELANCON'S
HEIRS.
*vs.*
DUHAMEL

the land—for that is what the plaintiffs demand in the petition, and their right to which they support by the process verbal of the sale, annexed thereto. This sufficiently appears from an inspection of the record. *Id certum est, quod certum reddi potest.* Yet if the law requires that, where the judgment does not name *enunciatively* a determinate sum, it should contain an *express* reference to the record or *autos*, the judge *a quo* was correct in granting and sustaining the injunction.

*Febrero*, it is true, states, that this *express* reference is required; but a close view of the text of the law, which he comments, leads us to a different conclusion.

"We also say that if the judge does not declare, in his judgement, with certainty the sum for which he condemns—if he makes use of words from which it may be inferred, *with certainty*, that the defendant is absolved, or *cast in the suit*—if in such case, the sum in dispute be written *in the record*, then the judgment is valid." *Part.* 3, 22, 16.

The court in the judgment under consideration did not declare expressly the sum to be paid by the defendant : from the expression used, it is to be inferred with certainty that the

West'n District,
*Aug.* 1824.

MELANCON'S
HEIRS.
*vs.*
DUHAMEL
defendant was cast, since the judgment is for the plaintiffs, and the sum claimed was written in the record, viz. in the petition of which the judgment contains an abstract; it then follows, in the language of the statute, that *the judgm ent is valid,* and ought to be executed.

The action was literally that of debt of the common law, brought for a sum due on a matter of record, in which the judgment is *quod querens recuperet debitum suum.*

The defendant made no partial defence. He did not pretend that a less sum was due than the one claimed. He put the plaintiffs on strict proof of the allegations iu the petition—made an allegation which he did not support by evidence, and an objection which the court overruled—the judgment declares the plaintiffs supported their allegations—judgment then followed as a matter of course, for what was claimed; the price bidden for the land, by the vendee and defendant, as appear from the record and written evidence.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the injunction dissolved, and that the defendant and appellee pay costs in both courts.

*Simon* for the plaintiffs, *Brownson* for the defendant.